Gorman, J.
 

 Prior to the adoption of the new Appellate Procedure Act (116 Ohio Laws, 104), effective January 1, 1936, many complexities arose with reference to the' determination of whether a cause was to be reviewed upon appeal or proceedings in error. Many litigants were deprived of a review by failure to invoke the appropriate procedure. Faced with such a situation in doubtful cases, oftentimes both an appeal and a petition in error were filed in reviewing courts. See
 
 Hull
 
 v.
 
 Bell Bros. & Co.,
 
 54 Ohio St., 228, 43 N. E., 584;
 
 Willson Improvement Co.
 
 v.
 
 Malone,
 
 78 Ohio St., 232, 85 N. E., 51;
 
 Murray
 
 v.
 
 Mahan,
 
 81 Ohio St., 569, 91 N. E., 1135;
 
 Union Trust Co.
 
 v.
 
 Lessovitz,
 
 122 Ohio St., 406, 171 N. E., 849.
 

 A somewhat similar situation prevailed with reference to writs of
 
 certiorari
 
 and writs of error in the United States court until it was corrected by acts of Congress. See Title 28, Sections 861, 861a and 861b, U. S. Code.
 

 Although the Ohio Constitution provides that the Court of Appeals shall have “appellate jurisdiction in the trial of chancery cases” (Article IV, Section 6), the General Assembly may determine the procedure.
 
 Barnes
 
 v.
 
 Christy,
 
 102 Ohio St., 160, 131 N. E., 352, paragraph one of the syllabus.
 

 The purpose of the new Appellate Procedure Act in this state was to provide a method of appellate review
 
 *325
 
 in a single proceeding. There are, however, two types of appeal that may be taken — one on questions of law and- one on questions of law and fact.
 

 It is perfectly clear that the only jurisdictional step now necessary to an appeal on questions of law is the filing of a notice of appeal. If the appeal is on questions of law and fact where it is .sought to have a “rehearing and retrial” (Section 12223-1, General Code [3]) “and determination of facts
 
 de novo”
 
 (Section 12223-21 [2]), it is necessary to file a bond, unless the appeal is taken' by certain fiduciaries specifically excepted under Section 12223-12, General Code.
 

 In the instant case the judgment which w;as sought to be reviewed was entered in an action for damages arising out of a tort claim, which was triable to a jury. Obviously it was not a chancery case, and was not reviewable on questions of law and fact. No bond was filed, and for that reason the Court of Appeals dismissed the cause entirely upon the ground that no appeal had been perfected.
 

 The Legislature in clear and unmistakable language has provided in Section 12223-22, General Code, that “whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.”
 

 This language is mandatory, and a duty was thereby imposed upon the Court of Appeals in this case to retain the matter as an appeal on questions of law.
 

 We are reinforced in this conclusion by an examination of two other pertinent sections of the act. A portion of Section 11564, General Code, is as follows: “Provided, whenever an appeal is' taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that
 
 *326
 
 the Court of Appeals shall fix the time, not to exceed' thirty days, for the preparation and settlement of a bill of exceptions.”
 

 This language is likewise mandatory, and imposes a duty upon the reviewing court to fix the time within which a bill of exceptions shall be filed if none has been filed.
 

 A contention that the provisions of Section 12223-5, General Code, give to the reviewing court discretionary power can not be maintained, because careful scrutiny of that section definitely upholds the ruling of this court. The significant portion of that section reads':
 

 “The failure to designate the type of hearing upon appeal
 
 shall not he jurisdictional
 
 and the notice of appeal may be amended by the appellate court in the furtherance of justice and for good cause shown.” (Italics ours.)
 

 It is argued that, if an improper form of notice of appeal is filed, a motion to amend is essential and a court may grant such an amendment in the furtherance of justice and for good cause. This' would give to the Court of Appeals a wide discretion, and the outcome might be that only in doubtful cases would an amendment be permitted.
 

 Section 12223-4, General Code, sets forth that “no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.” It also provides that “the appeal shall be deemed perfected when written notice of the appeal shall be filed with the lower court.” Reading that in connection with Section 12223-5, General Code, which provides that “the failure to designate the type of hearing upon appeal shall not be jurisdictional,” we are forced to the conclusion that the only jurisdictional step in the appellate proceedings is the filing of notice of appeal. If that is complied with, even though no bond is filed,
 
 *327
 
 the appeal is not to he dismissed, but it shall stand as an appeal on questions of law.
 

 If we were to construe Section 12223-5, General Code, as contended, we would be holding that, notwithstanding the Legislature expressly made the notice of appeal the only jurisdictional step, the Legislature also gave the Court of Appeals the right to add other jurisdictional barriers unless good cause to the contrary was shown.
 

 The provisions of Section 12223-5, General Code, are intended to cover situations where, for some technical reason, the appeal would be defective. In such case the reviewing court would have discretion to permit an amendment for good cause shown.
 

 It has been said that this interpretation of the* act places the appellee at a disadvantage. If it does, that is for the Legislature to remedy, and not for the courts to do so by disregarding language which we feel is clearly of a mandatory character.
 

 It is said that, since an appellant must file a bill of exceptions within forty days in the trial court if the appeal is on questions of law only (See
 
 Tenesy
 
 v.
 
 City of Cleveland,
 
 133 Ohio St., 251, 13 N. E. [2d], 122), by filing an appeal on questions of law and fact the time for preparation of the bill may thus be extended. We need only point out that, under the provisions of Section 11564, General Code, authorizing the court to fix the time within which the bill of exceptions shall be filed, the reviewing court can adequately prevent unnecessary delays brought about through the deliberate filing of an improper appeal. Such fact can be brought to the attention of the reviewing court by an appellee as soon as the notice of appeal is filed.
 

 To construe the statute as the Court of Appeals did in this case would mean a return to all of the old difficulties arising before the adoption of the new Appellate Procedure Act. Only where the appellant was in
 
 *328
 
 doubt as to the procedure could jurisdiction be retained and then only if the. appellate court, in its discretion, thought there was a doubt. Such a holding would make the act practically ineffective to accomplish the purpose intended. Under the provisions of Section 12223-22, General Code, the Court of Appeals should have retained the cause as an appeal on questions of law. It improperly dismissed the appeal. .
 

 For the. reasons stated the judgment is reversed and the cause is remanded to the Court of Appeals with instructions to pass upon the appeal on questions of law.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Day, Zimmerman and Williams, JJ., concur. ,