"Williams, J.
 

 Was the Court of Appeals justified in dismissing the appeal for failure to file an appeal bond within the time required by statute?
 

 Jurisdiction of the Court of Appeals is fixed by Section 6, Article IV of the Constitution, and under the power conferred a party aggrieved by a judgment of the Court of Common Pleas in a case in chancery has two remedies: (a) He may seek a trial
 
 de novo
 
 or (b) he may seek a review of the judgment, in which latter event the Court of Appeals may affirm, modify or reverse the judgment for alleged errors of the court below.
 

 Though the constitutional jurisdiction of the Court ■ of Appeals may not be altered by legislative enactment, the General Assembly has power to legislate with respect to the procedure.
 
 Wagner
 
 v.
 
 Armstrong,
 
 93 Ohio St., 443, 113 N. E., 397;
 
 Barnes
 
 v.
 
 Christy,
 
 102 Ohio St., 160, 131 N. E., 352. In the exercise of this power the General Assembly enacted the Appellate Procedure Act effective January 1, 1936 (116 Ohio Laws, 104).
 

 
 *434
 
 The material sections relating to appeal of causes from the Court of Common Pleas to the Court of Appeals read thus:
 

 Section 12223-1, General Code: “1. The word ‘appeal’ as used in this act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission.
 

 “2.- The ‘appeal on questions of law’ shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error.
 

 “3. The ‘appeal on questions of law and fact’' shall be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase ‘appeal on questions of fact.’ ”
 

 Section 12223-4, General Code: “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court * * *. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.”
 

 Section 12223-5, General Code: “The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. * * * ”'
 

 Section 12223-6, General Code: “* * * no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the-
 
 *435
 
 .amount and with the conditions as hereinafter provided, and unless the said bond- be filed at the time .the notice of appeal is required to be filed.”
 

 Section 12223-7, General Code: “The period of time after the entry of the order, judgment, decree, • or other matter for review within which the appeal .shall be perfected, unless otherwise provided by law, is as follows:
 

 “1. In appeals to the * * * Courts of Appeals, • * * within twenty (20) days. * * *”
 

 Section 12223-22, General Code: “Appeals on • questions of law and fact may be taken:
 

 “(1) From any court * * * to any court of .record as may be provided by law.
 

 “ (2) Whenever an appeal on questions of law and .fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law. ’ ’
 

 An examination of these statutes discloses that the legislative body has denominated an appeal in a chan•cery case for trial
 
 de novo
 
 an appeal on questions of law and fact and an appeal for review on alleged errors an appeal on questions of law.
 

 The case at bar is an action in which the relief sought is the restraining of the collection of allegedly illegal ..assessments and thereby chancery jurisdiction is invoked.
 
 Manning
 
 v.
 
 Village of Lakewood,
 
 94 Ohio St.,
 

 85, 113 N. E., 661. As heretofore indicated, the ag- . grieved party could appeal in either of the two ways. Within the time fixed he duly filed in the Court of ■Common Pleas a notice of appeal on questions of law • and fact. This court has held that this is the only . jurisdictional step in a cause not in chancery.
 
 Loos
 
 v.
 
 *436
 

 Wheeling & Lake Erie Ry. Co.,
 
 134 Ohio St., 321, 16 N. E. (2d), 467. In that decision this court purposely refrained from deciding whether the notice of appeal was the only jurisdictional step in a chancery case for the apparent reason that the question was not raised. Later this court held where a cause is appealed on questions of law and fact and the Court of Appeals determines that the cause is not one in chancery the cause is to be retained for determination on questions of law only, and seeking leave to amend is not a prerequisite to the performance of the duties enjoined upon the court by statute.
 
 Bennett
 
 v.
 
 Bennett,
 
 134 Ohio St., 330, 16 N. E. (2d), 474. Now, for the first time, we have before us the effect of the failure to file an appeal bond in a chancery case within the time limited in an appeal on questions of law and fact. In passing it should be stated that the question is identically the same, whether the appeal bond is filed too late or not at all.
 

 The statutory provisions with which we are concerned here are procedural in nature and require a liberal construction. Section 10214, G-eneral Code. Construing the language employed liberally, we are of the opinion that the only jurisdictional step in any case is the filing of the notice of appeal. However, to make the appeal effective as to questions of both law and fact, an appeal bond must be filed within the time fixed by statute. Nevertheless the failure to file such a bond in a case in which proper notice of appeal has been duly filed does not of itself warrant the appellate court in dismissing the appeal, but the cause must be retained for trial on questions of law only. Such a construction is in keeping with the intent of the Appellate Procedure Act to simplify procedure and prevent loss of rights by litigants- on purely procedural grounds.
 

 
 *437
 
 For the reasons given tlie Court of Appeals committed prejudicial error in dismissing the appeal in its. entirety.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Turner, Matthias, Hart and Zimmerman, JJ., concur.