**MILLER, Plaintiff-Appellee, v. GARRETT et, Defendants-Appellants.**

Ohio Appeals, Second District, Madison County.

No. 188. Decided May 22, 1954.

Robert E. Wright, Mt. Sterling, for plaintiff-appellee.
John M. Scott, Goldie K. Mayer, Columbus, for defendants-appellants.

## OPINION

**By THE COURT:**

Submitted on motion of appellee to dismiss the appeal on questions of law and fact for failure of appellant, William A. Garrett, to file a proper bond. The notice of appeal was given on March 24, 1954. On May 1, there was filed in this Court an application of William A. Garrett, appellant

"to sign the appeal bond heretofore given on the 21st day of March, 1954."

The appeal bond, as tendered by appellants, was not signed by either appellant but by two sureties only.

Certain sections of the Revised Code are pertinent. Sec. 2505.6 R. C.:

"Except as provided in §2505.12 R. C., no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in §§2505.09 and 2505.14 R. C., and unless such bond is filed at the time the notice of appeal is required to be filed."

Thus it is the intendment of this section that the bond contemplated shall be filed as of the date of the notice of appeal. Whether or not the filing of such bond could be made within the time within which the appeal could be perfected query? By the statute and by adjudication the filing of the appeal bond is a prerequisite to the perfection of an appeal on questions of law and fact. Sec. 2505.05 R. C. **Damar Co. v. City, 140 Oh St 432; 45 N. E. 2d 209.**

The appeal bond is the same in form as the supersedeas bond. Sec. 2505.09 R. C. This latter provides in substance:

No appeal shall operate as a stay of execution except as hereinafter provided until a supersedeas bond is executed by the **appellant** to the adverse party with sufficient surety * * * conditioned as hereinafter provided in §2505.14 R. C.

The emphasized part of the §2505.09 R. C. is convincing that it is essential to the bond that it be executed on the part of the appellant as well as by the sureties. The bond under consideration does not conform to the requirements. We find no provision in the statute which authorizes this Court to permit a new bond to be given or an insufficient bond to be amended and a new one substituted after the time within which the appeal on questions of law and fact must be perfected.

The case cited by counsel for appellee, **State v. Crippen, 1 Oh St 399,** supports, in part at least, her contention that the bond as filed is invalid.

The motion to dismiss the appeal on questions of law and

508

fact will be sustained and the appeal may proceed as upon questions of law, as provided by Supplement to Rule 7 of Rules of Practice of this Court. Appellants will be given 30 days after the filing of the Entry journalizing this opinion within which to file assignment of errors, brief and bill of exceptions; appellee 15 days for answer brief and appellants 5 days thereafter for reply brief.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.