Taft, J.,
dissenting. This court has sua sponte raised the question whether the order of the Court of Appeals appealed from is reviewable by this court at this time. Counsel were asked by the court to and did brief and argue that question.
It is elementary that the Supreme Court can have jurisdiction to review what the Court of Appeals does only to the extent that such jurisdiction is either provided for in or authorized by the Constitution. State v. Mansfield, 89 Ohio St., 20, 104 N. E., 1001.
The provisions of the Constitution relative to the jurisdiction of the Supreme Court to review what the Court of Appeals does are found in Sections 2 and 6 of Article IV. So far as pertinent, they read:
Section 2. ‘ ‘ * * * It shall have * # * appellate jurisdiction in all cases involving questions arising under the Constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the Courts of Appeals * * *. In cases of public or great general interest the Supreme Court may, within such limitations of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals. * * *” (Emphasis added.)
Section 6. “* * * judgments of the Courts of Appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state, cases of felony, cases of whicn it has original jurisdiction, and cases of public or great general interest in which the Supreme Court may direct any Court of Appeals to certify its record to that court. * * * and whenever the judges of a Court of *318 Appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination. * * *”■ (Emphasis added.)
From a reading of these provisions, it is apparent that the Supreme Court is authorized only to review a “judgment” of the Court of Appeals. Although the word “judgment” might be interpreted to include an interlocutory order, this court, as recently as last year, unanimously held in a “per curiam” opinion that an order of the Court of Appeals, even if called a judgment by that court, cannot be a “judgment” within the meaning of those constitutional provisions if it “did not determine the action and is not a final order”; and that “the existence of a final order is a prerequisite to” the existence of a “judgment” as that term is used in those constitutional provisions. Schindler v. Standard Oil Co., 162 Ohio St., 96, 120 N. E. (2d), 590.
This court had previously held that the General Assembly could not, by describing a particular kind of order of a court as a “final order,” make it a “judgment” within the meaning of that term as used in the Constitution (Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. [2d], 221), although this court had previously indicated that the term ‘ ‘ judgment ” as so used did include “all * # * final orders.” Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, 135 N. E., 620. In the latter case, this court held that, where a motion to vacate a judgment was filed within the term at which the judgment was rendered and such motion was granted, there was no reviewable “judgment” within the meaning of the Constitution because there was no final order. See also Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211.
*319 As pointed out in paragraph two of the syllabus of the Knollman case, “an order of a * * * court” which “is not a final determination of the rights of the parties *#*isnot***a judgment or final order” so as to amount to a reviewable “judgment” as that term is used in the Constitution. As stated in the opinion by Hart, J., in that case:
“There must be a dismissal of the action or some judgment in the broadest sense, determining the ultimate rights of the parties.” See also Chandler & Taylor Co. v. Southern Pacific Co., supra.
Was there a “final determination of the rights of the parties” in the instant case? In order to determine this, we must look to the order made by the Court of Appeals from which an appeal has been instituted. So far as pertinent, it reads :
“* * * it is * * * ordered, adjudged, and decreed that the appeals herein on questions of law and fact be dismissed and the cause is retained for determination of the appeal on questions of law.” (Emphasis added.)
Certainly, this order indicates affirmatively that the Court of Appeals has not made a “final determination of the rights of the parties.”
Likewise, the language of rule 24 of this court affirmatively indicates that the appeal provided for therein is from an order which does not represent a “final determination of the rights of the parties.” That rule reads:
“Where an appeal has been taken to the Court of Appeals on questions of law and fact and the Court of Appeals enters an order holding that that court does not have appellate jurisdiction to hear the case on questions of law and fact and retains the case on questions of law, any appeal from such order shall be on condition that a motion to certify the record be allowed by this court leaving the appeal on questions of *320 law in the Court of Appeals pending the decision in this court.” (Emphasis added.)
Likewise, the statutes providing for an appeal to the Court of Appeals do not recognize orders such as that appealed from in the instant case as orders which involve a “final determination of the rights of the parties.” This is apparent from a consideration of the following provisions of the Appellate Procedure Act:
Section 12223-1, General Code. “1. The word ‘appeal’ as used in this act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court # *
Section 12223-4, General Code. “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court * * #. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional. ’ ’
Section 12223-5, General Code. “The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. * * * The • failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown.”
Section 12223-22, General Code. “# * * (2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.” (Emphasis in above quotations added.)
It is apparent that a single appellate proceeding is contemplated. Loos v. Wheeling & Lake Erie Ry. Co., 134 Ohio St., 321, 16 N. E. (2d), 467. See also Section *321 12223-46, General Code, specifically abolishing writs of error to reverse, vacate or modify judgments or final orders. If the Court of Appeals determines that such appeal should not be heard as an appeal on questions of law and fact, it is expressly provided that “the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.” The only effect of such a determination is to prevent the introduction of further evidence and to prevent the substitution by the Court of Appeals of its judgment on the facts for the judgment of the court appealed from. The Court of Appeals must still render a decision after a hearing; and that decision may obviously be in favor of the party who sought and was denied a hearing on law and fact. If, in a trial before the Common Pleas Court, that court made a ruling during the trial with respect to the burden of proof and the admission of certain evidence, it would not be contended that there could be an appeal from such a ruling before the trial' was completed, although such a ruling might be of as much importance to the parties as would be a ruling on an appeal with respect to whether the case was to be heard on law and fact.
As hereinbefore suggested, the appellant in an appeal on questions of law and fact may never be prejudiced by an order of the Court of Appeals determining that he should not be permitted to retry the facts and that his appeal should stand for hearing on questions of law. Unless and until the Court of Appeals decides against him on his appeal on questions of law, the appellant cannot be prejudiced by the refusal to permit him to retry the facts. If the Court of Appeals does render an order deciding against the appellant, after hearing his appeal on questions of law, the appellant can then assign as error, in an appeal from that final order and judgment, the refusal of the Court of Appeals to permit him to retry the facts. See *322 Schottenstein v. Newburger, 148 Ohio St., 71, 72 N. E. (2d), 903.
In support of their contention that the order appealed from in the instant case is a judgment within the meaning of the constitutional provisions herein-before quoted, appellants have cited Union Trust Co. v. Lessovitz, 122 Ohio St., 406, 171 N. E., 849. As a reading of that case will disclose, it was decided before the Appellate Procedure Act became effective on J anuary 1, 1936. At the time of its decision, it was necessary for a party, who desired an appeal on questions of law and fact but was not certain that his case was a chancery case, to file an appeal in the Court of Appeals and also a petition in error in that court. As a result, he had two separate cases pending in the Court of Appeals. If the Court of Appeals decided that the case was not a chancery ease, it dismissed the appeal. That was the end of that one of his two pending proceedings in the Court of Appeals. Consequently, that judgment of dismissal clearly represented a “judgment ’ ’ which was a final order.
Before the Appellate Procedure Act became effective, this court apparently recognized that, under Section 6 of Article IV of the Constitution as then in force, the Court of Appeals had “appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas * * * and other courts of record within the district as may be provided by law. ’ ’
These constitutional provisions gave' a litigant a right to appeal in a chancery case. Hence, no statute could take away that right. When a Court of Appeals made an order determining that an appellant had no right of appeal, such order necessarily involved, to use the words of Section 2 of Article IV of the Constitution, the “appellate jurisdiction” of the Supreme *323 Court “in all cases involving questions arising under the Constitution * * * of this state.” It was undoubtedly for such reasons that this court promulgated rule 24 in its original form, giving an appeal as a matter of right to this court from such an order, and provided that it was to be effective on January 1, 1936, the date on which the Appellate Procedure Act was to become effective.
Effective January 1, 1945, the last-quoted provisions of Section 6 of Article IV of the Constitution were replaced by the present provisions, giving the Court of Appeals only “such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals within the district. ’ ’
That section as amended in 1944 also provided :
“All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed # # # j j
Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Ohio St., 221, 70 N. E. (2d), 649, merely represents a holding that this last-quoted portion of Section 6 of Article IV of the Constitution meant what it said. The appellate procedure statutes in force at the time of its adoption certainly provided for an appeal that would include a retrial of the facts by the Court of Appeals.
Thereafter, however, there was obviously no constitutional right to a retrial of the facts in the Court of Appeals and this court recognized that in 1952 when, by amendment of rule 24, it made allowance of a motion to certify the record a prerequisite to review pursuant to that rule. However, except possibly in In re Estate of Stafford, 146 Ohio St., 253, 65 N. E. (2d), 701, no litigant has apparently heretofore contended *324 that, since the 1944 amendment of Section 6 of Article IV of the Constitution, an order such as that for which review is provided in rule 24 was not a “judgment” within the meaning of Section 2 of Article IV of the Constitution; and this court has not passed upon that question. In that case it was stated in the opinion by Turner, J., on page 259:
“Assuming that this appeal is properly before this court (which a minority of the judges question) the sole question to be decided in this case is whether the proceeding instituted in the Probate Court is a chancery case.
.“All procedural questions are to be determined under the provisions of the Ohio Constitution and laws in effect on May 9, 1942, the date when this phase of the proceeding was instituted in the Probate Court of Cuyahoga County. Section 6 of Article IV of the Constitution in force at that time conferred upon Courts of Appeals ‘appellate jurisdiction in the trial of chancery cases.’
“The amendment of Section 6 of Article IV adopted on November 7, 1944, and effective January 1, 1945, provides:
“ ‘* * * all cases, actions, or proceedings pending before or in any * * * tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law. ’ ’ ’
Unlike the proceedings in the Stafford case, the instant action was instituted after January 1, 1945.
It is obvious that this court cannot, by the ex parte promulgation of a rule of court, extend its jurisdiction to review what is done by the Courts of Appeals beyond that conferred upon it by the Constitution and by legislation enacted pursuant to authority vested by the Constitution in the General Assembly. No such *325 authority has been vested by the Constitution in this court.
For the foregoing reasons, it is my opinion that this court cannot at this time review the order of the Court of Appeals appealed from, without disregarding its obligation to follow the provisions of the Constitution.
Matthias and Stewart, JJ., concur in the foregoing dissenting opinion.