Matthias, J.
The question presented by defend *443 ant’s only assigned error is: Did the Court of Appeals err in sustaining plaintiff’s motion to dismiss the appeal?
To determine this question it is necessary first to consider the notice of appeal to the Court of Appeals, the assignment of errors in the Court of Appeals, the motion of defendant to amend the notice of appeal to include therein an order of the. trial court duly assigned as error in its brief and the overruling of such motion by the Court of Appeals.
The determinative question before this court is: Did the Court of Appeals err in overruling the motion to amend the notice of appeal to include the order overruling defendant’s motion for a directed verdict which was duly assigned as error and properly before the court?
The notice of appeal, as originally filed, reads as follows:
“The Industrial Commission of Ohio, defendant-appellant, hereby gives notice of appeal to the Court of Appeals of Perry County from a judgment rendered by the Court of Common Pleas in the above entitled cause, granting plaintiff’s motion for a new trial, on January 8, 1954.
“Said appeal is on questions of law.” (Emphasis added.)
The assignment of errors, duly filed by the defendant in the Court of Appeals, is as follows :
“1. The Court of Common Pleas erred in overruling the motion of the defendant for a verdict to be directed in its favor, which motion was made at the end of all the evidence.'
“2. The Court of Common Pleas erred in sustaining the plaintiff’s motion for a new trial and in ordering the same.
“3. The granting of the plaintiff’s motion for a new trial is contrary to law.
*444 “4. Other errors on the face of the record.” (Emphasis added.)
The defendant moved to amend the notice of appeal to read as follows:
“The Industrial Commission of Ohio, defendant-appellant, hereby gives notice of appeal to the Court of Appeals of Perry County from an order of the Court of Common Pleas of Perry County overriding a motion made by the defendant for the court to direct a verdict in its favor, which motion was made at the conclusion of all the evidence offered during the trial of this cause; and from an order of the Court of Common Pleas of Perry County made on January 8, 1954, which order vacated, set aside, and held for naught, a judgment entered in this cause in favor of the defendant, and from the order of the court entered on the same date granting to the plaintiff a new trial.
“Said appeal is on questions of law.” (Emphasis added.)
These are the sections of the Revised Code which must be considered:
Section 2505.04. “An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional. ’ ’
Section 2505.05. “The notice of appeal required by Section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be *445 the same as in the court of origin. The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown.”
Section 2505.21. “Appeals taken on questions of law shall be heard upon assignment of error filed in the cause or set out in the briefs of the appellant before hearing. * * * All errors assigned shall be passed upon by the court # *
It is noted that these sections are materially the same in content as their predecessors, Sections 12223-4, 12223-5 and 12223-21, General Code.
Section 2505.04 is clearly a jurisdictional statute. It specifically states that “an appeal is perfected when written notice of appeal is filed with the lower court, ’ ’ and that “no step required to be taken subsequent to the perfection of the appeal is jurisdictional.”
This court held in Damar Realty Co. v. City of Cleveland, 140 Ohio St., 432, 45 N. E. (2d), 209, that “the filing of a notice of appeal is the only jurisdictional step in an appeal from the Court of Common Pleas to the Court of Appeals. ’ ’
In the case of Capital Loan & Savings Co. v. Biery, 134 Ohio St., 333, 16 N. E. (2d), 450, this court held that, “where a journal entry overruling a motion for a new trial and incorporating a notice of appeal in the following words: ‘Defendants hereby give notice of appeal,’ is approved, in writing, by counsel for both plaintiff and defendants before it is filed in the Court of Common Pleas, it is not error, under the circumstances, for the Court of Appeals to overrule a motion to dismiss the appeal, based on the ground that notice of appéal was not filed as required by statute. ’ ’ The reasoning behind this statement is found in the opinion on page 339:
“Although not complying in a technical sense with Section 12223-5, General Code [Section 2505.05, Ee *446 vised Code], it appears to have served the purpose intended.
“Manifestly the purpose of such a notice is to apprise the opposite party of the taking of an appeal. Since such journal entry was approved by counsel for both parties, both had actual notice thereof. Under the circumstances plaintiff could not be prejudiced or taken by surprise.” (Emphasis added.)
This reasoning clearly indicates that the primary objective of a notice of appeal is to make it known that an appeal is being taken. Nothing more than such notice is required to vest jurisdiction of the cause in the Court of Appeals.
Once the appeal is perfected by the timely filing of a notice of appeal the question of the sufficiency of such notice may be raised. In order to determine such question, in appeals on questions of law, the Court of Appeals must look to Section 2505.05, Revised Code, supra.
This statute (then Section 12223-5, General Code) was considered and interpreted by this court in the case of Couk v. Ocean Accident & Guarantee Corp., Ltd., 138 Ohio St., 110, 33 N. E. (2d), 9, in the following language, which we hereby adopt:
“Counsel for the defendant contend that the Court of Appeals had no power to permit an amendment or to hear the case, because the erroneous date in the notice of appeal was a jurisdictional defect, and as such could not be corrected by amendment. Referring to the clause in Section 12223-5, General Code, providing that ‘the failure to designate the type of hearing upon appeal shall not be jurisdictional,’ the contention is made that ‘the statute, having expressly authorized amendment in one situation, must be deemed to have denied it in others.’ This interpretation is claimed to be further supported by the fact that the provision stating that the designation of the type of *447 hearing is not jurisdictional, and the provisions In regard to amending the notice of appeal, are both contained in a single sentence. Such proximity, it is argued, shows the intention of the Legislature to limit the power of amendment to the one act of changing the designation of the type of hearing upon appeal. But the consequence of this urged construction of the statute would be to permit by amendment a major change, to wit, a change from an appeal on questions of law to one on questions of law and fact, and at the same time to prohibit absolutely a minor and perhaps purely formal modification.
“We are of the opinion that the construction of Section 12223-5, General Code, contended for is not sound. The statute is remedial in nature and should be liberally construed.”
After commenting on the fact that the legislative purpose throughout the New Appellate Procedure Act (116 Ohio Laws, 104) was to “liberalize procedure upon appeals and to prevent technicalities from being fatal to substantive rights,” Bettman, J., continued:
“This court has stated in Capital Loan & Savings Co. v. Biery, 134 Ohio St., 333, 339, 16 N. E. (2d), 450, that the purpose of the notice of appeal is ‘to apprise the opposite party of the taking of an appeal. ’ If this is done beyond danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished. The Court of Appeals may then permit the notice of appeal to be amended generally ‘in the furtherance of justice for good cause shown.’ ” (Emphasis added.)
Shortly after the decision in the Couh case, supra, this court decided two cases in each of which the notice of appeal contained the same defect as that in the Couh case, i. e., the judgment appealed from was given an erroneous date. In both cases, however, the Court of Appeals refused leave to amend and dismissed the *448 appeals. This court reversed the judgments in both cases, using the following language:
“In each of the present cases the Court of Appeals refused leave to amend and dismissed the appeal. At that time the practice had not been settled by the decision in the Couk case which removes the doubt as to correct procedure.
“For error in refusing the amendments and in dismissing the appeals, in each case the judgment of the Court of Appeals is reversed and the cause remanded to the appellate court for further proceedings not inconsistent with this opinion.” Mosey v. Hiestand, Trustee, and Schultz v. Killmer, 138 Ohio St., 249, 34 N. E. (2d), 210.
Thus, the rationale of the Couk case enabled this court to both sustain the judgment of an appellate court in allowing the amendment of a notice of appeal, which this court found to be in the furtherance of justice, and to reverse a judgment which refused to allow such an amendment.
Applying all the foregoing to the facts in the instant case, we see that the appeal was unquestionably perfected when the defendant filed its notice of appeal in the Common Pleas Court on January 26, 1954, just 18 days after the entry of that court sustaining plaintiff’s motion for a new trial. Thus, the appeal was perfected and the plaintiff had notice of the taking of an appeal.
The record shows that defendant’s brief containing its assignment of errors was filed on March 22, 1954, and that plaintiff filed her motion to dismiss the appeal on March 24, 1954, just two days later. *
The first error complained of by defendant in its assignment of errors in the Court of Appeals is that the Court of Common Pleas erred in overruling the motion of the defendant for a verdict to be directed in its favor, which motion was made at the end of all *449 the evidence. This clearly apprised both the Court of Appeals and the plaintiff that the defendant was not only appealing from the sustaining of the motion for a new trial, but was also urging that the trial court erred in overruling defendant’s motion for a directed verdict.
The cause came on for hearing in the Court of Appeals on August 5, 1954, more than four months' after the filing of defendant’s assignment of errors. Section 2505.21, Revised Code, states that “appeals taken on questions of law shall be heard upon assignment of error filed in the cause or set out in the briefs of the appellant before hearing. ”
Both the plaintiff and the Court of Appeals had before them for a period of over four months the fact that the defendant urged as error the order of the trial court overruling its motion for a directed verdict, as well as that court’s ruling on plaintiff’s motion for a new trial.
Under these circumstances it cannot be said that the plaintiff was misled and not put on notice as to what judgment or judgments the defendant was appealing from. Neither could the plaintiff have claimed surprise when the defendant made the motion to amend the notice of appeal, nor could she have been prejudiced by the allowance of such motion.
Judge Stewart in his opinion in In re Guardianship of Wisner, 148 Ohio St., 31, 72 N. E. (2d), 751, after citing the Mosey case and the Schultz case, supra, said at page 38:
“The above cases have been cited to demonstrate that this court has consistently been of the opinion that where the notice of appeal is filed in time in the lower court, the appeal is perfected, and all subsequent requirements, not being jurisdictional, can be amended to comply with the accurate facts in the *450 interest of an expeditious and orderly trial of the merits of the particular case.”
In the instant case we find:
I. The appeal was perfected by defendant’s timely filing of a written notice of appeal in the Common Pleas Court.
II. Defendant’s intention was clear because the first error complained of by defendant in its assignment of errors was that “the Court of Common Pleas erred in overruling the motion of the defendant for a verdict to be directed in its favor, which motion was made at the end of all the evidence,” which assignment of error was before both the Court of Appeals and the plaintiff for a period in excess of four months.
We conclude that the amendment presented to the Court of Appeals by the defendant should have been allowed “in the furtherance of justice.”
The question remaining to be determined is whether the appeal is from a final order.
“This court has heretofore held that where in the course of a trial a defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff’s motion for a new trial is sustained, there emerges from such sequence of events a final appeal-able order.” Gray v. Youngstown Municipal Ry. Co., 160 Ohio St., 511, 117 N. E. (2d), 27.
It must be noted, however, that the final appealable order resulting from such sequence of events is the order overruling the motion for a directed verdict and not the order granting a new trial. The former order becomes appealable by virtue of the latter.
The notice of appeal, considered as amended, designates the order of the trial court overruling defendant’s motion for a directed verdict, and, since such order is final and appealable, the Court of Appeals *451 erred in dismissing the appeal.
The Court of Appeals having erroneously dismissed the appeal, its judgment is reversed and this cause is remanded to the Court of Appeals with directions to consider only the error relating to the refusal by the trial court to direct a verdict and enter judgment for defendant.

Judgment reversed and cause remanded.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.