HUDSON, APPELLEE, *v.* ROBINSON, APPELLANT.

(No. 2407—Decided March 5, 1957.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage,* for appellee.
*Messrs. Holzfaster & Hoefling,* for appellant.

WISEMAN, J. This case is submitted on motion of plaintiff-appellee to dismiss the appeal on questions of law and fact, on the ground that defendant-appellant failed to file an appeal bond as required by law.

The appeal is from a judgment entered on October 10, 1956, in an action in chancery. The notice of appeal on questions of law and fact was filed on October 30, 1956. On the same day the appellant filed a bond in the amount of $100, although the judgment is in the amount of $2,500. This bond was not directed by the court or approved by the clerk as required by statute.

On December 7, 1956, the appellant filed in the trial court a motion for stay of execution, which was sustained on condition that the appellant file a bond in the amount of $2,750. The order was journalized on January 8, 1957. A bond in conformity with the order was never filed.

The record shows that appellant failed to comply with the provisions of Sections 2505.06 and 2505.09 and related sections of the Revised Code.

Section 2505.06 provides as follows:

"Except as provided in Section 2505.12 of the Revised Code, no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

Section 2505.09 provides as follows:

"No appeal shall operate as a stay of execution, except as provided in Sections 2505.11 and 2505.12 of the Revised Code, until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum, not less than the amount of the judgment and interest, as is directed by the court making the order which is sought to be superseded or by

the court to which the appeal is taken. Such bond shall be conditioned as provided in Section 2505.14 of the Revised Code."

Notice of appeal was required to be filed within 20 days after the judgment entry was filed for journalization. Section 2505.07, Revised Code. The 20-day period expired on October 30, 1956. On this day the notice of appeal was filed and also the bond in the amount of $100. The amount of the bond was not directed by the court, and the amount of the bond was far less than the amount of the judgment. The filing of the bond in the amount of $100 failed to meet the requirements of Section 2505.06, Revised Code, and an appeal on questions of law and fact is ineffective.

An appeal is perfected when written notice of appeal is filed with the trial court. No step required to be taken subsequent to the perfecting of the appeal is jurisdictional. Section 2505.04, Revised Code. This section is a jurisdictional statute. *Richards* v. *Industrial Commission,* 163 Ohio St., 439, 445, 446, 127 N. E. (2d), 402. See, also, *Loos* v. *Wheeling & Lake Erie Ry. Co.,* 134 Ohio St., 321, 326, 16 N. E. (2d), 467.

This being a chancery action, the question arises as to whether jurisdiction was acquired by the reviewing court when the requisite bond has not been filed. This question was presented and decided in *Damar Realty Co.* v. *City of Cleveland,* 140 Ohio St., 432, 45 N. E. (2d), 209. On page 436 the court said:

"Now, for the first time, we have before us the effect of the failure to file an appeal bond in a chancery case within the time limited in an appeal on questions of law and fact. In passing it should be stated that the question is identically the same, whether the appeal bond is filed too late or not at all.

"The statutory provisions with which we are concerned here are procedural in nature and require a liberal construction. Section 10214, General Code. Construing the language employed liberally, we are of the opinion that the only jurisdictional step in any case is the filing of the notice of appeal. However, to make the appeal effective as to questions of both law and fact, an appeal bond must be filed within the time fixed by statute."

We conclude that the failure to give the requisite bond did

not deprive the Court of Appeals of jurisdiction as of the date on which the notice of appeal was filed in the trial court. *Ahlgrim & Son* v. *Wolf*, 65 Ohio App., 172, 29 N. E. (2d), 436. After the Court of Appeals acquired jurisdiction, the trial court lost jurisdiction to make the order on January 8, 1957. Furthermore, the record fails to show that a bond was filed in the amount directed by the court on January 8, 1957.

Since the appeal on questions of law and fact is ineffective for failure to give the requisite bond as required by law, and the appellant is not permitted to retry the facts, the court orders the appeal to stand as an appeal on questions of law only. Section 2505.23, Revised Code. See *Damar Realty Co.* v. *City of Cleveland, supra*, 436.

Under the supplement of this court to Rule VII, "when an appeal is taken on questions of law and fact, and it has been decided that the case can not be heard upon the facts, and no bill of exceptions has been filed in the cause, unless otherwise ordered the bill of exceptions, assignments of error and briefs shall be filed as follows: * * *." (The rule sets forth the time shcedule.) The time schedule with respect to the filing of a a bill of exceptions conforms to the provisions of Section 2321.05, Revised Code. In the instant case, the bill of exceptions has been duly filed in this court. The appellant is allowed 30 days from the date of the entry journalizing this decision within which to file an assignment of errors and briefs. The appellee is allowed 15 days after the filing of the appellant's brief within which to file an answer brief, and appellant may file a reply brief within ten days thereafter.

*Judgment accordingly.*

HORNBECK, P. J., concurs.
CRAWFORD, J., not participating.