*156
 
 By the Court.
 

 The application for a rehearing was filed two days after the entry of dismissal and within term.
 

 It is contended by the defendant in error that, by reason of the fact that the motion for rehearing was not heard and determined at that term (this court not then sitting), this court, by virtue of the provisions of Section 11631, General Code, lost its jurisdiction to hear and determine.
 

 While this court, in the matter of its jurisdiction, undertakes to conform to the policy of the state, as expressed by legislation, its jurisdiction is derived from the Constitution. The jurisdiction there conferred carries with it such inherent jurisdiction as is necessary to enable it to function under the Constitution. In the furtherance of justice, it exercises the jurisdiction to grant rehearings. But that litigants and all others may know when its judgments become a finality, it has refused to exercise such jurisdiction to set aside or modify its judgments after term, where no application or motion to the judgment has been filed “within thirty days after the announcement of the decision” (Rule XX, Supreme Court of Ohio, Buies of Practice), or petition filed after term within a time analogous to the provisions of Section 11580, General Code.
 
 United Fuel Gas Co.
 
 v.
 
 Pub. Util. Comm.,
 
 107 Ohio St., 628, 141 N. E., 92.
 

 The allowance of the application to reinstate these cases does not violate either the Constitution of Ohio or any of the rules and practices of this court.
 

 Even though Section 11631, General Code, requires the construction that this court may not
 
 *157
 
 vacate or modify its judgment after term, for any cause other than those therein enumerated, which we query, we deny the power of the Legislature to so limit its jurisdiction.
 

 The motion for dismissal will be overruled in both cases.
 

 Motions overruled.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.