WIGTON ET AL., APPELLANTS, *v.*
LAVENDER ET AL.; KIBLER ET AL., APPELLEES.

[Cite as Wigton *v.* Lavender (1984), 9 Ohio St. 3d 40.]

(No. 83-702—Decided January 11, 1984.)

*Messrs. Glander, Brant, Ledman & Newman* and *Mr. Douglas S. Roberts,* for appellants.

*Messrs. Wickham & Heald, Mr. Anthony M. Heald* and *Mr. Fred R. Wickham,* for appellees.

WILLIAM B. BROWN, J. The issue presented is whether when only one of several plaintiffs pursues an appeal from an adverse judgment, the reversal of that judgment inures to the benefit of the non-appealing plaintiffs. For the reasons that follow, this court affirms the determination by the court of appeals that, under the facts presented by this case, the judgment entered against the non-appealing plaintiffs (appellants herein) was not affected by the other plaintiff's (*i.e.,* Aetna's) appeal or the resulting remand of the case for retrial.

This case raises an issue of first impression in Ohio. Because this case necessitates the adoption of a rule to govern such factual settings, an historical review and an examination of the rules of other jurisdictions are appropriate as well as beneficial.

The common-law approach to this issue was described by the Supreme

Court of Alabama in *Young* v. *Woodward Iron Co.* (1927), 216 Ala. 330, 335, 113 So. 223, 228-229, as follows:

"At common law a judgment against two or more defendants jointly was regarded as an entirety, so that a reversal of the judgment as to one defendant required a reversal as to all."

But, as that court further noted, this common-law rule, founded chiefly on technical considerations, was generally disfavored by the courts. *Id.* See, also, *Rich* v. *Holmes* (1932), 104 Vt. 433, 439, 160 A. 173, 175, and citations contained therein.

Exceptions to the rule thus developed, and the force of the common-law rule was materially weakened. As noted in the text of 2 Ruling Case Law 268, Section 220:

"The tendency of modern decisions is, however, to modify the strictness of the common law rule to the extent of holding that a judgment though joint in form is not necessarily entire, and that where it is several in effect, and the adjudication as to one cannot affect the rights of the others, such judgment may be reversed as to some and affirmed as to others." See, also, *Sparrow* v. *Bromage* (1910), 83 Conn. 27, 74 A. 1070.

The prevailing rule that developed then, and which is the general rule today, is set forth in 5B Corpus Juris Secundum (1958) 516, Section 1952, and supported by cases therein, as follows:

"A reversal is binding on the parties to the suit, but does not inure to the benefit of parties who did not join in the appeal, unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable."

Courts have thus permitted the benefits of an appeal to inure to a non-appealing party where a proper disposition of the case on another trial is dependent on the further presence in the case of the non-appealing parties, *Shreeder* v. *Davis* (1906), 43 Wash. 129, 86 P. 198; where the justice of the case requires the reversal or modification of the judgment as to non-appealing parties, *E & K Agency, Inc.* v. *Van Dyke* (1972), 60 N.J. 160, 286 A. 2d 706; where the non-appealing parties are minors, *Eckert* v. *Stewart* (Tex. Civ. App. 1918), 207 S.W. 317; where error permeates the entire case, *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956), 46 Cal. 2d 423, 296 P. 2d 801; or where double recovery might result if the judgment against a non-appealing party is allowed to stand, *Kure* v. *Chevrolet Motor Div.* (Wyo. 1978), 581 P. 2d 603, at 610, fn. 9.

This rule has been applied in cases where only one of several plaintiffs appealed (see, *e.g., Federal Underwriters Exchange* v. *Hinkle* [Tex. Civ. App. 1942], 167 S.W. 2d 307, 308), as well as in those cases where only one of several defendants appealed (see, *e.g., White* v. *Nollmeyer* [1968], 151 Mont. 387, 443 P. 2d 873).

After due consideration and a review of a multitude of cases from other jurisdictions presenting similar factual postures to the one at bar, this court concurs in the general assessment that the common law is too technical and

artificial and this court accordingly declines to adopt it. Furthermore, this court is persuaded by the generally favorable experiences of other courts with the prevailing rule, and, believing it to be sound and in the best interest of justice, likewise adopts the rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against other non-appealing parties unless the respective rights of the appealing and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed.

The adoption of this rule today is in accord with existing Ohio case law that an unappealed judgment is final and the prevailing party may fully rely upon it (see, *e.g., Eisenberg* v. *Peyton* [1978], 56 Ohio App. 2d 144, 151 [10 O.O.3d 158] ), and that a filing of a notice of appeal is the jurisdictional prerequisite to a valid exercise of appellate jurisdiction. See *Loos* v. *Wheeling Lake Erie Ry. Co.* (1938), 134 Ohio St. 321 [12 O.O. 123]; R.C. 2505.04. Similarly, this rule in no way counteracts or contradicts applicable rules of Ohio appellate procedure. See App. R. 3(B) and 4(A).

In the instant case, as the court of appeals so properly noted, each of the appellants and Aetna in this property damage case had separate and distinct causes of action arising out of an alleged single act of the appellee Michael Kibler, causing separate and severable damage to property in differing degrees and amounts. Four separate and distinct lawsuits could have been filed.

Aetna was the only plaintiff who appealed the trial court's grant of the directed verdict. It had no interest in this appeal except to have the judgment reversed as to it, for none of its interests was contingent upon or in conflict with those interests of the other plaintiffs. Each party owned, or was subrogated to the rights of, separate and distinct pieces of property. Neither indemnification nor contribution was at issue. Whether Eldon Wigton, Lightning Rod Mutual Insurance Company or Grange Mutual Casualty Company may recover for damages sustained by them is of no concern to Aetna. Inasmuch as the respective rights of the appellants and Aetna are *not* so interwoven or dependent on each other, the judgment entered against appellants was not affected by Aetna's appeal or by the ensuing remand of the case as to Aetna. So far as the retrial of the case is concerned, there is no reason why that trial cannot be had with relation to Aetna's claim without in any way affecting the rights of appellants as determined by the previous judgment.

Appellants, as did Aetna, had every opportunity to protect their rights and interests by filing an appeal or a cross-appeal. For reasons known only to them, they did not choose to pursue appellate review of the trial court's judgment against them. In the circumstances of this case, the judgment against appellants became final when they failed to timely appeal. Appellants, by virtue of pursuing this instant action, are now seeking a retrial of the issues as to them. The only difficulty is that they are seeking to reap where they have not sown.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. Although I agree with the standard adopted today by this court, I believe the instant facts present a case wherein "the respective rights of the appealing party and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment." Accordingly, I dissent.

The record in the present case shows that the rights of plaintiff, Eldon Wigton, are inextricably woven with the rights of the appealing plaintiff, Aetna, his father's insurance company. These parties are united by a common interest: recovery for the damages sustained by Wigtons' property as a result of defendant's wrongful trespass. All of the claims at issue arise out of this single incident.

Excluding the non-appealing plaintiffs from trial saves no judicial resources nor does it work an injustice upon defendant. Indeed, to allow defendant Michael Kibler to escape trial as to all plaintiffs' claims exonerates him from the consequences of his own wrongful conduct and allows him to benefit from the error of the trial court in preventing the jury from deciding the matter in the first place.

I would reverse the judgment of the court of appeals and remand the cause for trial on the merits.