OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. LTV Steel Company v. Gwin, Judge, et al.
[Cite as State ex rel. LTV Steel Co. v. Gwin (1992),
Ohio St.3d    .]

Writ of prohibition to prohibit court of appeals judges
     from remanding case for a new trial -- Writ denied,
     when.

(No. 91-401 -- Submitted April 27, 1992 -- Decided July
22, 1992.)

In Prohibition.

Relator, LTV Steel, is a self-insured employer for the
purpose of workers' compensation laws and the appellee in Stark
County Court of Appeals case No. CA-8171, the appeal of a jury
verdict denying Ruth Mulig's claim for death benefits.  Relator
seeks a writ to prohibit respondents, Stark County Court of
Appeals Judges W. Scott Gwin, John R. Milligan, Jr., and Irene
Balogh Smart, from remanding case No. CA-8171 for a new trial.

Case No. CA-8171 came before respondents after the Ohio
Industrial Commission allowed Mulig's claim, and relator
appealed to the Stark County Court of Common Pleas pursuant to
R.C. 4123.519.  A jury heard the matter pursuant to R.C.
4123.519(C) and determined that Mulig was not entitled to
benefits.  Mulig appealed the verdict, and her appeal became
case No. CA-8171.  The Administrator of the Bureau of Workers'
Compensation ("bureau") appealed the verdict separately,
however, and his appeal was assigned case No. CA-8173.

On July 6, 1990, relator moved the court of appeals to
dismiss case No. CA-8171 pursuant to App. R. 18(C) because
Mulig had not filed a brief.  Mulig responded by filing two
motions -- one to join in the administrator's brief in case No.
CA-8173, the other to consolidate case Nos. CA-8171 and
CA-8173.  Relator opposed the motion to consolidate, arguing
that Mulig could not assert the single assignment of error in
the administrator's brief, an attack on the admission of
evidence, because she had not objected to the admission of this
evidence at trial.

On July 16, 1990, Court of Appeals Judge Norman J. Putman
granted Mulig's motion to join in the administrator's brief.
However, on July 20, 1990, Judge Putman and respondent Judge
Milligan dismissed Mulig's appeal in case No. CA-8171 and also

overruled Mulig's motion to consolidate. Mulig did not appeal the July 20 judgment or move the court, pursuant to App. R. 26, to reconsider. Thus, relator maintains that the dismissal became final thirty days later. See App.R. 4(A).

On December 24, 1990, however, respondents, in effect, reconsidered case No. CA-8171 sua sponte in the course of deciding the administrator's appeal in case No. CA-8173. Respondents explained:

"Upon careful consideration of the record and the chronology of the motions filed in these two separate appeals, we find [that] our dismissal of * * * [Mulig's] appeal (CA-8171) and overruling of the motion to consolidate were improvident, and we therefore reinstate Case No. CA-8171 and consolidate the same with Case No. CA-8173. See Board of Commrs. of Mercer Co. v. Deitsch (1916), 94 Ohio St. 1, 4 [113 N.E.2d 745]; Porter, Exr. v. Lerch (1934), 129 Ohio St. 47 [58-59, 1 O.O. 356, 361, 193 N.E. 766, 771] ([''] A court of appeals has control over its judgments during the term in which they are rendered.'). This result allows us to follow 'a basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities.' See Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127 [128, 527 N.E.2d 284, 285]; State v. Herzing (1985), 18 Ohio St.3d 337 [18 OBR 379, 481 N.E.2d 593]." Mayfield v. LTV Steel Co. (Dec. 24, 1990), Stark App. Nos. CA-8171 and CA-8173, unreported, at 3.

Respondents then determined that the trial court had erred by allowing the bureau's medical expert to be cross-examined on the basis of an unauthenticated medical treatise and by admitting the treatise into the record. As a result, respondents reversed the trial court judgment denying Mulig's benefits and remanded case Nos. CA-8173 and CA-8171 for a new trial. Relator and respondents agree that Mulig is essential to retrial.

Relator's request for reconsideration of the December 24 judgment was overruled. Relator then appealed to this court, but its motions to certify the record were overruled. (1991), 60 Ohio St.3d 702, 573 N.E.2d 118. Relator also filed this original action in which Patrick Mihm, the current administrator of the bureau, seeks to intervene as a respondent.

Willacy & LoPresti, Aubrey B. Willacy and Lisa A. Reid, for relator.

Lee I. Fisher, Attorney General, Patrick A. Devine and Robert A. Zimmerman, for respondents.

Lee I. Fisher, Attorney General, and Merl H. Wayman, for the Administrator of the Bureau of Workers' Compensation.

Per Curiam. The administrator moved to intervene pursuant to Civ.R. 24(A)(2), which allows intervention as of right when the applicant claims an interest that may be impaired by the disposition of the action, and the interest is not adequately protected by existing parties. We agree that the administrator has an interest in protecting the State Surplus Fund, from which relator will likely seek reimbursement of benefits it has already paid if Mulig's claim is ultimately denied. See R.C. 4123.519(G) and 4123.515. The administrator

also has an interest in defending against the argument that he lacked standing in the underlying case, which relator asserts as a reason for allowing a writ of prohibition. Thus, consistent with our liberal constuction of Civ.R. 24(A)(2), Ohio Dept. of Admin. Serv., Office of Collective Bargaining v. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 51, 562 N.E.2d 125, 128, we grant the motion to intervene.

The main question in this case, however, is whether relator has satisfied the standard for issuing a writ of prohibition, which usually requires an imminent exercise of unauthorized judicial authority and the absence of an adequate remedy in the ordinary course of law. State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729 This question is before us on relator's motion for summary judgment, and the answer depends on our resolution of four issues: (1) Are respondents about to exercise jurisdiction? (2) Does relator have an adequate remedy at law? (3) Did respondents completely lack jursidiction to reverse the common pleas judgment as to Mulig, such that a writ of prohibition should issue notwithstanding the availability of an adequate remedy? and (4) Should a writ of prohibition issue based on relator's arguments that the administrator lacked standing in the underlying case or that res judicata required dismissal of the administrator's appeal?

For the following reasons, we resolve these issues in respondents' favor and, there being no dispute as to any material fact, conclude that relator is not entitled to judgment as a matter of law. Accordingly, we overrule the motion for summary judgment. Moreover, because this disposition eliminates all justification for a writ of prohibition, we further deny the writ.

### Imminent Exercise of Jurisdiction

Respondents argue that they have already exercised jurisdiction by reversing and remanding case Nos. CA-8171 and CA-8173 and that nothing remains for us to prohibit. They cite State ex rel. Stefanick v. Marietta Mun. Court (1970), 21 Ohio St.2d 102, 104-105, 50 O.O.2d 265, 266, 255 N.E.2d 634, 635, in which we said:

"Prohibition is a preventive writ rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine. * * * It cannot be used to review the regularity of an act already performed. * * *" (Citations omitted.)

Stefanick states the rule generally applicable in prohibition actions. However, relator argues that respondents were completely without jurisdiction to act and, in such situations, we have authority "not only to prevent excesses of lower tribunals," but also "to correct the results thereof." State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 330, 59 O.O.2d 387, 389, 285 N.E.2d 22, 24. Accordingly, we continue our review even though respondents have already exercised the jursidiction relator challenges.

### Adequate Remedy

Ordinarily, a writ of prohibition will not be granted where an adequate remedy in the ordinary course of law is available. State ex rel. Gilla v. Fellerhoff (1975), 44 Ohio St.2d 86, 73 O.O.2d 328, 338 N.E.2d 522 (prohibition complaint

dismissed because relator could appeal the judgment of the court whose jurisdiction he attacked).

Relator asserts that it has no adequate remedy because we overruled its motions to certify the record in case Nos. CA-8171 and CA-8173.  Relator overlooks that, like the availablity of an appeal as of right, the availability of an appeal by leave of court also constitutes an adequate remedy and will prevent the issuance of extraordinary relief.  See, e.g., State ex rel. Cleveland v. Calandra (1980), 62 Ohio St.2d 121, 16 O.O.3d 143, 403 N.E.2d 989; State ex rel. Zoller v. Talbert (1980), 62 Ohio St.2d 329, 16 O.O.3d 391, 405 N.E.2d 724; State ex rel. Leis v. Outcalt (1980), 62 Ohio St.2d 331, 16 O.O.3d 392, 405 N.E.2d 725; State ex rel. Corrigan v. Griffin (1984), 14 Ohio St.3d 26, 14 OBR 328, 470 N.E.2d 894 (writs of mandamus denied because prosecuting attorney had appeal by leave of court under R.C. 2945.67); contra, State ex rel. Corrigan v. McAllister (1985), 18 Ohio St.3d 239, 240, 18 OBR 296, 297, 480 N.E.2d 783, 785.

In the past, our holdings have implied that such discretionary appeals cease to be adequate once denied.  See, e.g., Calandra, supra, 62 Ohio St.2d at 122-123, 16 O.O.3d at 144, 403 N.E.2d at 990.  We now reject this implication because allowing appellants, after denial of such leave, to reinstitute their appeals as extraordinary actions would, in effect, permit a second appeal.  We have routinely held that extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue.  State ex rel. Bargar v. Ross (1978), 53 Ohio St.2d 18, 7 O.O.3d 62, 371 N.E.2d 841 (mandamus); State ex rel. Zakany v. Avellone (1979), 58 Ohio St.2d 25, 12 O.O.3d 14, 387 N.E.2d 1373; State ex rel. Celebrezze v. Butler Cty. Common Pleas Court (1979), 60 Ohio St.2d 188, 14 O.O.3d 441, 398 N.E.2d 777; and Stefanick, supra (prohibition is not a substitute for an appeal).  Accordingly, we hold that relator had an adequate remedy by way of its discretionary appeals to this court, notwithstanding that relator's motions to certify the record were overruled.

## Lack of Judicial Authority

A writ of prohibition may issue, however, even if relator had an adequate remedy by way of a discretionary appeal.  The availability of an adequate remedy becomes immaterial when an inferior court has no jurisdiction whatsoever to act.  State ex rel. Easterday v. Zieba (1991), 58 Ohio St.3d 251, 569 N.E.2d 1028; Dept. of Adm. Serv., Office of Collective Bargaining, supra; State. ex rel. Conner v. McGough (1989), 46 Ohio St.3d 188, 546 N.E.2d 407; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239; Adams, supra.  Relator maintains that respondents had no jurisdiction whatsoever to reconsider case No. CA-8171 sua sponte because that judgment became final when Mulig did not appeal.

Courts of appeal have jurisdiction to reconsider their judgments on a timely motion filed pursuant to App.R. 26 until an appeal as of right is filed in this court, or this court rules on a motion to certify the record.  See State v. Murphy (1990), 49 Ohio St.3d 293, 551 N.E.2d 1292, and Cincinnati v. Alcorn (1930), 122 Ohio St. 294, 171 N.E.2d 330 (Supreme Court and court of appeals have concurrent jurisdiction over an

appealed judgment prior to attachment of Supreme Court's exclusive jurisdiction). Moreover, by virtue of the jurisdiction conferred by Section 3(B), Article IV, Ohio Constitution, courts of appeals also have inherent authority, in the furtherance of justice, to reconsider their judgments sua sponte. Tuck v. Chapple (1926), 114 Ohio St. 155, 151 N.E. 48.

Tuck implies that this inherent authority exists forever. However, Tuck does not mention Section 3(B)(3), Article IV, Ohio Constitution, which provides that appellate judgments are final unless appealed as of right or by a request for this court's discretionary review pursuant to Section 2(B)(2), Article IV, Ohio Constitution. The effect of this deadline is clear -- if no such appeal is filed, the judgment is binding and no longer subject to the court of appeals' jurisdiction to reconsider. See Wigton v. Lavender (1984), 9 Ohio St.3d 40, 43, 9 OBR 129, 132, 457 N.E.2d 1172, 1175 ("an unappealed judgment is final and the prevailing party may fully rely on it").

Respondents cite Bd. of Commrs. of Mercer Cty. v. Deitsch (1916), 94 Ohio St. 1, 4, 113 N.E. 745, and Porter v. Lerch (1934), 129 Ohio 47, 58-59, 1 O.O. 356, 361, 193 N.E. 766, 771, which state the principle that courts of appeals control their judgments during the term in which they are rendered. The "control" exercised in those cases, however, was to modify the date of a judgment entry, not to reverse a prior entry of dismissal. Respondents provide no precedent that establishes a court of appeals' jurisdiction to reconsider a judgment after the deadline in Section 3(B)(3), Article IV, Ohio Constitution.

Thus, relator is correct that respondents had no jurisdiction to reconsider the judgment in case No. CA-8171 sua sponte more than five months after the judgment was entered. This does not mean, however, that respondents had no authority whatsoever to issue the ruling they did in case No. CA-8173, the administrator's appeal. In Wigton, supra, at syllabus, we adopted the rule that:

"Where one party appeals from a judgment, a reversal as to him will not justify a reversal against other nonappealing parties unless the respective rights of the appealing party and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment." (Emphasis added.)

Wigton recognized that the interests of two parties may be so inseparable that if one party prevails on appeal and the other party does not appeal at all, the appealing party could be denied the fruits of its success unless relief is extended to the non-appealing party. In particular, we approved in Wigton of "permit[ting] the benefits of an appeal to inure to a non-appealing party where a proper disposition of the case on another trial is dependent on the further presence in the case of the non-appealing part[y]." Id., 9 Ohio St.3d at 42, 9 OBR at 131-132, 457 N.E.2d at 1175. Thus, Wigton acknowledged a court of appeals' power to protect a prevailing appellant's interests by providing a windfall to a nonappealing coparty, as opposed to the defeated appellee.

Neither relator nor respondents cite Wigton, but it applies here because the interests of Mulig and the

administrator are inseparable.  As mentioned, the parties agree that Mulig's participation is required for the administrator to prove on retrial that she is entitled to benefits.  If the administrator fails in this regard, relator can claim reimbursement from the State Surplus Fund.  Thus, the administrator will lose if Mulig doesn't win on retrial. Moreover, because a court of appeals has authority to extend its ruling to a party who does nothing to invoke its jurisdiction, the court must also have authority to reach a party whose appeal was dismissed on procedural grounds.

Thus, under Wigton, respondents had no need to reconsider and reinstate case No. CA-8171 -- they already possessed the power to make Mulig a beneficiary of the judgment in case No. CA-8173, even though her appeal was not technically before the court.  Accordingly, we hold that while respondents had no jurisdiction to reconsider the dismissal in case No. CA-8171, they nevertheless had authority to include Mulig in the reversal and remand of case No. CA-8173.  The rule represented by Easterday, supra, and cases preceding it, therefore, does not apply, and the adequate remedy available to relator by way of discretionary appeal is a sufficient basis for denying the writ of prohibition.

### Other Grounds for Issuing the Writ

Relator's last three arguments are (1) that the administrator was not aggrieved by the common pleas judgment denying Mulig benefits and, therefore, had no standing to appeal, (2) that the administrator was not the real party in interest before the common pleas court and, therefore, had no standing to participate at trial as a coparty, and (3) that the administrator and Mulig are in privity such that the dismissal of case No. CA-8171 was binding on the administator and required respondents to dismiss case No. CA-8173.  These arguments raise issues of standing and res judicata, which are appealable as error; they do not attack respondents' appellate jurisdiction.  Thus, the adequate remedy available to relator via discretionary appeal to this court also defeats these arguments for issuing the writ of prohibition.

Accordingly, we hold that respondents had no jurisdiction to reconsider case No. CA-8171 sua sponte, but that respondents nevertheless had authority to issue the decision they did in case No. CA-8173 and that relator had an adequate remedy in the ordinary course of law.  Thus, relator has failed to satisfy the standard for issuing a writ of prohibition and is not entitled to judgment as a matter of law.  The motion for summary judgment is, therefore, overruled, and there being no other valid reason for granting a writ of prohibition, the writ is denied.

Judgment accordingly.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.