DECISION AND JOURNAL ENTRY
Appellants Robin McCann (f.k.a. Robin Gregg) and the bankruptcy trustee for the Estate of Ronald Gregg (the Estate) have appealed an order of the Summit County Common Pleas Court that rejected the doctrine of lis pendens. This Court reverses.
 I.
On March 15, 1991, McCann filed a complaint for Divorce against Gregg in the Summit County Common Pleas Court, Domestic Relations Division. One of the items at issue in the divorce action was a parcel of property, listed as the Brandywine home. Although Gregg contributed funds to the purchase of the Brandywine home, his mother, Joyce Hayward, appeared on the title as the record owner. On April 28, 1993, the trial court issued a Divorce Decree that contained the following division:
 The Brandywine home shall immediately be placed on the market for sale. The Court will continue to keep jurisdiction over this home until it is sold. From the net proceeds [Hayward] shall first receive $45,979. [McCann and Gregg] shall divide equally the next $21,000 ($10,500) each. The remaining proceeds shall be divided equally. From [Gregg's and Hayward's] proceeds, the Parkview Federal Mortgage shall be paid.
Instead of selling the property, Hayward obtained a $100,000 loan from Third Federal Savings and Loan (Third Federal), secured by a mortgage on the Brandywine property. Third Federal filed the mortgage with the Summit County Recorder on March 8, 1994. Hayward later obtained a home equity line of credit for $114,000 from Third Federal, which was secured by the Brandywine property. Third Federal filed this open-end mortgage on November 28, 1994.
During the summer of 1995, McCann filed a contempt action in the Domestic Relations Court to enforce the sale of the Brandywine home, naming Third Federal as a party. On September 27, 1995, the Domestic Relations Court dismissed the action against Third Federal and awarded McCann: a judgment against Hayward in the amount of $59,840.00 for her interest in the Brandywine property; a judgment against Gregg in the amount of $12,062 for her share in the marital property; and, a judgment in the amount of $25,000 as her entitlement to rent during the period from January 1994 through August 1995. To secure McCann's judgment, the Domestic Relations Court granted her an equitable lien against the net proceeds resulting from the sale of the Brandywine property.
On October 6, 1995, Third Federal filed a foreclosure action with regard to the Brandywine property against Hayward. The trial court allowed McCann to intervene as a defendant, and the case proceeded to trial. At the conclusion of the case, the trial court ruled that the doctrine of lis pendens did not protect McCann's interest in the Brandywine property and ordered the property to be sold at a sheriff's sale. McCann appealed, and this Court reversed and remanded the trial court's decision holding that:
 The Domestic Relations Division explicitly retained jurisdiction over the Brandywine property "until it is sold." This Court determines that the doctrine of lis pendens continued to protect [McCann's] interest in the Brandywine property until the sale of that property had been effected as ordered pursuant to the 1993 divorce decree. Because the property had not been sold at the time Third Federal filed its mortgage liens against the property in 1994, any interests it took in the Brandywine property were subject to the sale ordered in the divorce decree and the interests of the parties to the divorce action as set forth in that decree.
 Third Federal Savings and Loan Assn. of Cleveland v. Hayward
(Aug. 19, 1998), Summit App. No. 18561, unreported, at 12.
While the case was pending appeal, Gregg filed for bankruptcy and appointed Richard Wilson as his trustee. The trustee was properly substituted for Gregg as his representative of his interest in this case. As provided in the foreclosure order, the Brandywine property was also sold for $231,700. Upon remand by this Court, McCann filed a motion in the bankruptcy court to stay the proceedings. The bankruptcy court granted McCann's motion and allowed the trial court to determine the interest, if any of the Estate in the proceeds of the Brandywine sale.
On remand, McCann filed a motion for summary judgment based on the doctrine of lis pendens. On July 8, 1999, the Magistrate found that (1) the doctrine of lis pendens did not apply to the Estate because the Domestic Realtions Court did not have personal jurisdiction; (2) the interests of McCann, Gregg, and the Estate are not so interwoven as to be inseparable; (3) McCann should be awarded $58,894.33, because the additional $37,062 obtained in 1994 was not protected against the property until after the filing of Third Federal; and, (4) the interest in the amount of $58,894.33 shall run from the date of September 27, 1995. The Estate, McCann, and Third Federal all filed objections to the Magistrate's decision. On November 23, 1999, the trial court overruled both the Estate and McCann's objections, and sustained Third Federal's objection; thereby modifying the interest on the amount of $58,894.33 to run from the date of the sale of the property, August 22, 1997. McCann and the Estate timely appealed. Both appeals have been consolidated.
 II. A. First Assignment of Error for the Estate The trial court erred in finding that the interest of [the Estate] in the proceeds generated from the sale of the [Brandywine property] had been extinguished prior to the commencement of [Gregg's] bankruptcy case.
 Second Assignment of Error for the Estate The trial court erred in finding that the doctrine of lis pendens did not protect the interest of the Estate in the [Brandywine property].
 First Assignment of Error for McCann The trial court's decision ignored this Court's mandate by failing to protect all of [McCann's] interests in the Brandywine property which were protected by the doctrine of lis pendens and the prior mandate of this Court.
This Court will discuss the Estate and McCann's arguments together because they are interrelated. Essentially, both parties have argued that the trial court erred in refusing to recognize the doctrine of lis pendens as mandated by this Court. This Court agrees.
The common law doctrine of lis pendens has been codified in R.C. 2703.26, which provides:
 When summons has been served or publication made, the action is pending so as to charge third parties with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.
Before lis pendens applies, three elements must exist:
 (1) [t]he property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res
involved must be sufficiently described in the pleadings.
 Hayward, supra, at 10, citing Cook v. Mozer (1923), 108 Ohio St. 30,37.
This Court has already determined that the doctrine of lispendens protected McCann's interest in the Brandywine property. See Hayward, supra, at 12. Pursuant to the divorce decree, dated April 28, 1993, the property was ordered to be sold and the proceeds were to be distributed among McCann, Gregg, and Hayward.Id. As stated in this Court's prior decision, "[t]he Domestic Relations Division explicitly retained jurisdiction over the Brandywine property `until it is sold.'" Id. As such, the Domestic Relations Division had continuing jurisdiction until July 25, 1997, when the property was sold.
 Because the property had not been sold at the time Third Federal filed its mortgage liens against the Brandywine property in 1994, any interests it took in the Brandywine property were subject to the sale ordered in the divorce decree and the interest of the parties to the divorce action as set forth in that decree.
 Id. at 12. This interest included the equitable lien on the Brandywine property from the post-decree judgment in the Domestic Relations Division dated September 27, 1995. Thus, the trial court erred in not recognizing that the doctrine oflis pendens protected Gregg and McCann's interest in the Brandywine property from the post-decree judgment in the Domestic Relations Division dated September 27, 1995.
With regard to the Estate's interest, the record indicates that the trustee was properly substituted for Gregg as a representative of his interest in the proceeds of the Brandywine property. As a result, Gregg's bankruptcy proceeding did not extinguish his interest in the proceeds. Therefore, the Estate's argument is well taken.
To summarize, the doctrine of lis pendens protected both Gregg's and McCann's interest in the Brandywine property. In light of the foregoing, and the fact that Gregg's trustee was properly substituted, the Estate retains Gregg's interest in the property. Accordingly, both parties' arguments are well taken.
 B. Second Assignment of Error for McCann The trial court erred in denying [McCann] interest from the date of her money judgment granted in the Domestic Relations Division.
In her second assignment of error, McCann has argued that the trial court erred in calculating her interest in the Brandywine property. Specifically, she has asserted that the trial court should have awarded her the statutory interest from the date of the post-decree judgment, September 27, 1995. This Court agrees.
When a court is asked to award post-judgment interest pursuant to R.C. 1343.03:
 the controlling factor * * * is not which party appealed or which first appealed. Rather, the issue turns on which party has the use of the money during the pendency of the appeal — either the judgment debtor can tender payment in full to toll the running of interest or retain use of the money and presumably invest it for the duration of the appeal.
 Weber v. Weber (Feb. 11, 1998), Summit App. No. 18355, unreported, 1998 Ohio App. LEXIS 549, at *18-19, quotingBraun v. Pikus (1995), 108 Ohio App.3d 29, 32. As this Court has determined that that the doctrine of lis pendens
protected McCann's interest in the post-decree judgment, her interest accrues from that date, to wit: September 27, 1995. Thus, McCann's assignment of error is sustained.
 C. Third Assignment of Error for McCann The trial court erred in ignoring [McCann's] creditor's bill against [Gregg] where she had timely filed and served her complaint, alleging all necessary elements, and [Gregg] did not answer.
McCann has conceded that her third assignment of error only comes into play if the doctrine of lis pendens did not protect her interest in the September 27, 1995 judgment. As this Court has held that lis pendens is applicable, McCann's third assignment of error is moot. Therefore, this Court will not address her argument. App.R. 12(A)(1)(c).
 C. Third Assignment of Error for the Estate The trial court erred in failing to decide whether the Estate could benefit from the favorable appeal prosecuted by [McCann] under the Ohio Supreme Court's Wigton analysis.
In its third assignment of error, the Estate has argued that the trial court erred in determining that the Estate could not benefit from McCann's favorable appeal. Specifically, the Estate has argued that the interests of McCann and Gregg in the Brandywine property are so interwoven and dependent as to be inseparable. This Court agrees.
The Ohio Supreme Court has held that:
 [w]here one party appeals from a judgment, a reversal as to him will not justify a reversal against other non-appealing parties unless the respective rights of the appealing party and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment.
 Wigton v. Lavender (1984), 9 Ohio St.3d 40, syllabus. The court acknowledged that a court of appeals may "protect a prevailing appellant's interests by providing a windfall to a nonappealing coparty, as opposed to the defeated appellee."State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245,250.
In the case at bar, the divorce decree equally divided Gregg and McCann's interest in the Brandywine property. The post-decree judgment, dated September 27, 1995, further divided the interest of the property, in which Gregg's interest was subject to the interest of McCann. In light of the foregoing, this Court holds that this case is one where Gregg's interest is interwoven and inseparable from McCann's interest in the Brandywine property. This Court notes, however, that Gregg's interest is limited to satisfy McCann's interest in the property, and after McCann's interest has been satisfied, the remaining proceeds will be distributed to Third Federal. Accordingly, the Estate's third assignment of error is well taken.
 III.
McCann's first and second assignments of error are sustained. Her third assignment of error is moot. The Estate's assignments of error are sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.