DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Andrew Daniels filed a delayed motion to reopen his appeal from the decision of the Lorain County Court of Common Pleas, which convicted him of possession of cocaine and drug abuse paraphernalia, among other things. This court granted the motion to reopen, finding that Daniels' appellate counsel was ineffective in failing to either pay the filing fee or filing a motion to waive the fees, an omission which resulted in the dismissal of Daniels' timely appeal. We now affirm the conviction.
 I.
On April 15, 1997 at 3:25 a.m., two Elyria police officers stopped Daniels as he was driving his car, for failure to display proper license plates and failure to stop at a stop sign. The officers were parked on a street near Tedman Court in Elyria. The officers had observed a car fail to properly signal a turn twice, but the officers did not pursue the vehicle. A few minutes later the same car approached from a different direction, and the officers observed that the car did not have a front license plate and that Daniels failed to stop at a stop sign. The officers pulled the car over in front of 106 Pratt Boulevard. The officers then approached the car and ordered Daniels to exit the vehicle. The officers asked Daniels to produce his driver's license but Daniels stated that he didn't have one. The officers checked Daniels' driving status in the LEADS computer and determined that Daniels' license had been suspended. The officers then patted down Daniels as a typical safety precaution to check for weapons. In the process they found a narrow pipe of the type used to smoke crack cocaine. One officer also testified that he found a hypodermic needle on Daniels. The officers arrested Daniels and had his car impounded. Upon the usual inventory of the impounded car, a small white rock was found and a chemical analysis determined that it was crack cocaine.
The case was transferred from Elyria Municipal Court to Lorain County Common Pleas Court. A grand jury indicted Daniels for one count of possession of cocaine, one count of possession of drug abuse paraphernalia, one count of driving under suspension and one count of failure to stop at a stop sign.
Trial was set for August 28, 1997, but Daniels' court-appointed attorney requested a continuance and the court rescheduled the trial for October 21, 1997. Daniels failed to appear for trial, and a capias was issued. Trial was rescheduled for February 10, 1998. However, Daniels moved to suppress the evidence found pursuant to the stop, alleging that the stop was unconstitutional because it was not based on any reasonable suspicion of criminal activity. The trial court held a suppression hearing on March 30, 1998.
The two arresting officers testified, as did Daniels. The officers recounted the story outlined above. Daniels testified that the arrest occurred at 11 or 12 p.m. not at 3:25 a.m. Daniels stated that he went out to the car because he felt ill and he was going to have someone drive him to the V.A. hospital and bring the car back for his daughter to use. Daniels did not name the individual who allegedly agreed to drive him. Daniels testified that he was not driving the car at all, that the car was "always parked" in front of 108 Pratt Boulevard, that earlier that evening he had loaned the car to someone else to drive, and that when the police came up to arrest him, they told him it was for a stop sign violation that had occurred four hours previously. Daniels did not name the individual to whom he had allegedly loaned his car. The trial court denied the motion to suppress.
Daniels then pled no contest, and on August 10, 1998 he was convicted on all counts. He was sentenced to six months for the possession of cocaine and to lesser sentences on the remaining misdemeanor counts, with all sentences to be served concurrently. Daniels filed a timely appeal to this court on September 9, 1998. However, because Daniels' court-appointed appellate counsel failed to either pay the filing fees or file a motion to waive the fees, this court dismissed the appeal. Daniels failed to appear at the November 5, 1998 hearing to impose the sentence. A capias was issued and Daniels was arrested on May 20, 2000. On June 7, 2000, Daniels moved to withdraw his plea. The trial court denied the motion to withdraw without holding a hearing.
On August 10, 2000, Daniels pro se filed a motion for this court to reinstate the appeal. This court construed the motion as a delayed motion for reopening, and granted it on the basis that Daniels' appellate counsel was clearly ineffective in failing to properly prosecute the original appeal, and that Daniels was prejudiced by counsel's ineffectiveness. The State did not file a brief in this case. Consequently, pursuant to App.R. 18(C), this court may accept Daniels' statement of the facts and issues as correct and reverse the judgment if his brief "reasonably appears to sustain such action." Id.
Daniels assigns three errors, which we have rearranged for ease of discussion.
 II.
Assignment of Error Number 2:
 THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT VIOLATED CRIMINAL RULE 43(A) AND WHEN IT WAS BROUGHT TO THE COURT'S ATTENTION BY THE DEFENDANT IT FAILED TO DISMISS THE CASE.
Daniels first assignment of error states that he was not present at a pretrial hearing on August 18, 1997 or at the sentencing hearing on August 10, 1998 and that he was denied due process as a result.
Daniels claims that Crim.R. 43(A) requires that he personally be present at each stage of the proceedings, and that the court should have dismissed his case because he was not present for the pretrial hearing. Daniels' trial counsel was present at the hearing in question. As to the pretrial hearing, Daniels misconstrues and misquotes Crim.R. 43(A), which states, "[t]he defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." There is no directive in Crim.R. 43(A) requiring the defendant to be present at the pretrial hearing.
As to the sentencing hearing, Daniels claims that neither he nor his counsel was in court for the sentencing on August 10, 1998. Daniels acknowledges that he was present at the plea hearing on June 2, 1998, but that "everything in this case as to plea and sentencing happen[ed] on July [sic] 2, 1998, and defendant was not in court after that date." However, the record does not support Daniels' statements. The plea hearing was held on June 2, 1998 and by journal entry of that date the trial court set the hearing date for August 10, 1998 and ordered a presentence evaluation and report. The transcript of the sentencing hearing states that the hearing was held on August 10, 1998, that Daniels was present in court with his counsel, and that Daniels addressed the Court at the hearing. In fact, Daniels stated to the court that he had been in a drug treatment program for sixty days and that he was "released from them on August 5." Clearly, Daniels was in court after June 2, 1998, because he addressed the court about events that had occurred subsequent to June 2, 1998. Daniels points to the record itself to support his factual argument, but the record does not support his assignment of error.
Daniels' second assignment of error is overruled.
 III.
Assignment of Error Number 1:
 THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE TAINTED EVIDENCE IN THE CASE SUCH AS THE CHARGES AND THE CHANGES MADE THEREIN.
Daniels attempts to challenge both the denial of his suppression motion and the fact that the grand jury indictment was for possession of cocaine, whereas the offense originally charged in municipal court was drug abuse.
As to the change in charges, it is clear from the record that both the complaint filed by the arresting officer and the indicted offense were for possession of cocaine, in violation of R.C. 2925.11, a felony of the fifth degree. Daniels' argument is without merit and it is overruled.
We now turn to Daniels' motion to suppress the evidence obtained incident to a lawful arrest for his traffic violations. Daniels attacks the trial court's denial of his motion on two grounds. First, he challenges the testimony of the officers who stopped him. The officers testified that: they saw Daniels operate his vehicle in an unlawful manner several times; they stopped him and found that he was not licensed to drive in Ohio; pursuant to a lawful arrest for the violations, they patted him down in an effort to ensure their own safety; and during the pat-down they discovered the incriminating evidence.
Although the Fourth Amendment of the United States Constitution guarantees that a person will be free from unreasonable searches and seizures, the constitutional right is not violated if a police officer "has reasonable suspicion, based on articulable facts, that the person stopped has engaged * * * in criminal activity." Maumee v. Weisner
(1999), 87 Ohio St.3d 295, 303 (Sweeney, J., dissenting, citing Terry v.Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889, 906). This court has written that a warrantless search is
 per se unreasonable. An exception to this rule exists for searches incident to a lawful arrest. Where the police officer has probable cause to arrest independent of the items obtained in the search, but does not arrest until shortly after the search, the search is not offensive to the Fourth Amendment to the United States Constitution. Where there is no probable cause to arrest, the arrest is invalid, rendering inadmissible any evidence seized during the search.
(Internal citations omitted.) State v. Bing (1999),134 Ohio App.3d 444, 447-448.
Our standard of review of the trial court's decision on a motion to suppress is de novo. Id. at 448, citing Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920. However, our review of the facts looks only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Id. Thus, we will accept the trial court's factual determination if it is supported by competent, credible evidence and without deference to the trial court's conclusion, we will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994),95 Ohio App.3d 93, 96.
In the instant case two officers testified that they saw Daniels, the driver of the car, make several illegal traffic maneuvers. They pulled the car over, asked Daniels for his driver's license and determined that his license had been suspended. They then lawfully arrested him, and began the pat-down, at which time they found some of the incriminating evidence. The cocaine was discovered during the inventory of Daniels' car.
Daniels' alternate story of the detention and arrest stated that he had made arrangements to meet a friend and he was waiting at his car for the friend to drive him somewhere. However, Daniels never even named the friend, let alone produced him to testify at the suppression hearing. Matters of credibility are primarily for the trier of fact. See Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, we conclude that the trial court had before it competent credible evidence to support the conclusion that the officers engaged in a lawful arrest of Daniels. This was legally sufficient for the officers' pat-down search of Daniels during which they found the incriminating evidence. As a matter of law the facts were sufficient to warrant the trial court's decision not to suppress this evidence.
Daniels also attacks the quality and nature of the incriminating evidence obtained pursuant to the arrest. However, because Daniels chose to plead no contest, rather than to proceed to trial, he has essentially agreed to the facts "as alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). He cannot now challenge the facts as alleged.
Daniels' second assignment of error is overruled.
 IV.
Assignment of Error Number 3:
 THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA.
Daniels seeks to challenge the trial court's denial of his June 7, 2000 motion to withdraw his plea. We decline to address this assignment of error because this court does not have jurisdiction to review the trial court's order denying Daniels' motion to withdraw his plea.
This court does not have jurisdiction to review the trial court's decision absent the filing of a notice of appeal pursuant to App.R. 4, App.R. 5, and R.C. 2505.04. See, also, Wigton v. Lavender (1984),9 Ohio St.3d 40, 43. Daniels has not filed a notice of appeal from the order denying his motion to withdraw his plea. This court has no jurisdiction to review this order.
Therefore, we strike Daniels' third assignment of error as beyond the scope of the reopening of his appeal.
 V.
Having overruled the assignments of error properly before us, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J. CONCUR.