This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Donald J. Cox (hereinafter "Cox"), appeals the decision of the Belmont County Court of Common Pleas enforcing a previously imposed sentence of imprisonment. Although the issue before us is whether the trial court erred in imposing a misdemeanor sentence to be served consecutively with a felony sentence, because the appeal was not timely filed, we lack jurisdiction to consider the merits of Cox's assigned error, and the judgment of the trial court is affirmed.
This appeal arises from Cox's sentencing in one of two separate criminal cases. On June 7, 1999, Cox pleaded guilty in Case No. 99-CR-004, to a charge of Having a Weapon While Under Disability, a felony of the fifth degree (hereinafter "felony"). On July 6, 1999 Cox was sentenced to six months in the Eastern Ohio Correctional Center (hereinafter "EOCC") for the felony.
Also on June 7, 1999, but in a separate court, Cox pleaded guilty in Case No. 98-CR-205, to a charge of Attempted Interference with Custody, a misdemeanor of the first degree (hereinafter "misdemeanor"). On July 19, 1999 Cox was sentenced to five years of community control sanctions, including six months in the Belmont County Jail for the misdemeanor. Ninety days of the six month sentence was suspended subject to probationary terms by the misdemeanor sentencing court in its October 8, 1999 order, which also specified this sentence was to begin immediately upon Cox's release from EOCC, consecutive to the felony sentence. On January 27, 2001, Cox filed a Motion for Early Release with the felony sentencing court and was released that day, however, the misdemeanor sentencing court was not made aware of Cox's release.
On March 3, 2000, the state made a motion to the misdemeanor sentencing court to review the early release of Cox. The hearing was held on April 3, 2000 and Cox was ordered to report to Belmont County Jail to begin serving the ninety day sentence previously imposed on October 8, 1999.
Cox filed a motion with the misdemeanor court to reconsider the order of April 3, 2000. On April 12, 2000 the misdemeanor sentencing court overruled the motion. However, the misdemeanor sentencing court did reduce the ninety day sentence to sixty days in jail and thirty days suspended subject to the same terms of probation as imposed on July 19, 1999.
Neither the original sentencing nor the modified sentencing for the misdemeanor were appealed. The instant appeal arises from the misdemeanor sentencing court's order of April 3, 2000 requiring Cox to report to the Belmont County Jail to serve the sentence imposed on October 8, 1999. The notice of appeal was filed April 13, 2000 along with a Motion to stay the sentence which this court granted pending the outcome of this appeal.
Cox's sole assignment of error alleges:
 "The trial court, in Case 205, erred in sentencing a misdemeanor consecutively with a felony."
The procedural history of this case prevents us from reviewing the alleged error. Cox argues the trial court unlawfully ordered him to serve the misdemeanor sentence consecutive to a pre-existing felony charge. However, the original misdemeanor sentencing occurred on July 19, 1999, and a second judgment entry and sentencing occurred on October 8, 1999 reinstating a suspended portion of the July 19, 1999 sentence. Because both the July 19, 1999 and October 8, 1999 sentencing orders were final, appealable orders, the time for filing a notice of appeal began to run, at the latest, on October 8, 1999. Instead, Cox initiated the instant appeal from a judgment of the trial court on April 3, 2000 enforcing the 1999 sentencing.
App.R. 4 provides:
 "A party shall file the notice of appeal * * * within the thirty days of the later of the entry of the judgment or order appealed."
The timely filing of a notice of appeal is jurisdictional. Absent a notice of appeal filed within thirty days of the original sentencing order, this court does not have jurisdiction to review the trial court's decision. Wigton v. Lavender (1984), 9 Ohio St.3d 40, 43. Further, App.R. 14(B) prohibits this court from enlarging the time for filing a notice of appeal. Cox missed the thirty-day window for appeal and cannot attempt to attack the original sentence through an appeal of the enforcement order of April 3, 2000. Failure to timely appeal the original sentencing decisions precludes consideration of this assignment of error. Appeal dismissed.
Vukovich, P.J., Concurs.
Donofrio, J., Concurs.